IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FIRST INSURANCE FUNDING,
A Division of Lake Forest Bank &
Trust Company, N.A.,

    Plaintiff,　　　　　　　　　　　Case No.: 8:22-cv-01975-WFJ-AAS

v.

STONEMARK, INC., a corporation,
and JERRY SMITH, an individual,

    Defendants.
_____/

## DEFENDANT STONEMARK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND REQUEST FOR ATTORNEY'S FEES

Defendant Stonemark, Inc. ("Stonemark"), hereby serves its Answer and Affirmative Defenses to Plaintiff First Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A.'s ("Plaintiff" or "FIF") Complaint ("Complaint") and states as follows:

### COMPLAINT

To the extent the Complaint's non-numbered introductory paragraph makes allegations, those allegations are denied, except Stonemark admits that FIF purports to bring claims for trade secrets misappropriation against

1

Stonemark and breach of fiduciary duties against Defendant Jerry Smith ("Smith").[1]

## NATURE OF THE ACTION

1. Denied.

2. Denied.

3. Denied as to any allegations against Stonemark. Denied to the extent that Stonemark is without sufficient knowledge or information concerning Plaintiff's allegation of the conduct of Smith at the time of his employment by FIF.

4. Denied.

## THE PARTIES

5. Without sufficient knowledge or information; therefore, denied.

6. Admitted.

7. Admitted.

## JURISDICTION AND VENUE

8. Admitted for jurisdictional purposes only.

9. Admitted.

10. Admitted for jurisdictional purposes only.

---

[1] All allegations in the Complaint, including all non-numbered allegations contained in section and subsection headings, wherefore clauses, etc., that are not otherwise expressly denied herein.

11. Admitted that Smith is a resident of Florida and was an employee of FIRST and then as a remote employee for Stonemark. Denied to the extent that Stonemark is without knowledge or sufficient information concerning Plaintiff's allegation of the conduct of Smith at the time of his employment by FIF.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted for purposes of venue only; all allegations are denied.

## FACTUAL BACKGROUND

16. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

17. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

18. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

19. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

20. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

21. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

22. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

23. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

24. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

25. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

26. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

27. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

28. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

29. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

30. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

31. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

32. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

33. Admit that at some time Smith was employed by FIF. Stonemark lacks knowledge or information sufficient to form a belief about the truth of the remainder of this allegation; therefore, denied.

34. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

35. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

36. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

37. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

38. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

39. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

40. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

41. Admitted that Stonemark is a finance company specializing in providing insurance premium finances services. Otherwise, denied.

42. Denied.

43. Admitted that Smith is now employed by Stonemark as Vice President of Sales. Otherwise, denied.

44. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

45. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

46. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

47. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

48. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

49. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

50. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

51. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

52. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

53. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

54. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

55. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

56. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

57. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

58. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

59. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

60. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

61. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

62. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

63. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

64. Admitted that FIF sent Smith and Stonemark cease and desist letters, but otherwise denied.

65. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that FIF sent a cease and desist letter to Smith.

66. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that FIF sent a cease and desist letter to Stonemark.

67. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

68. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that FIF sent a cease and desist letter to Stonemark.

69. Denied.

70. Denied.

## COUNT I (SMITH AND STONEMARK)

71. Stonemark admits that FIF incorporates the preceding allegations and Stonemark's answers to those allegations are as set forth above.

72. The referenced statue speaks for itself. Stonemark denies ever "misappropriating" any "trade secrets" from Plaintiff.

73. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

74. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

75. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

76. Denied.

77. Denied.

78. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied. Stonemark

expressly denies that it was ever aware of the "misappropriation" of any "trade secrets," as defined by statute or case law, by Defendant Smith.

79. Denied.

## COUNT II (SMITH AND STONEMARK)

80. Stonemark admits that FIF incorporates the preceding allegations and Stonemark's answers to those allegations are as set forth above.

81. The referenced statue speaks for itself. Stonemark denies ever "misappropriating" any "trade secrets" from Plaintiff.

82. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

83. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

84. Stonemark lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT III (SMITH)

88. This count is against Smith and, as a result, no response is required by Stonemark, Inc. to allegations 88-94. To the extent any allegations are made against Stonemark, they are denied.

## ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE HEREBY DENIED.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Stonemark states as follows:

## FIRST AFFIRMATIVE DEFENSE

FIF has not suffered any actual damages as a direct and proximate result of the alleged actions set forth in this Complaint. To the extent any actual damages were incurred by FIF, which Stonemark disputes, they were not caused by Stonemark and FIF has failed to mitigate such damages.

## SECOND AFFIRMATIVE DEFENSE

To the extent FIF seeks non-monetary or injunctive relief, any such relief is precluded because FIF has an adequate remedy at law for money damages.

## THIRD AFFIRMATIVE DEFENSE

FIF has no identifiable or legally protectable trade secrets, as defined by the Defend Trade Secrets Act ("DTSA") and/or Florida Uniform Trade Secrets

Act ("FUTSA") that can stand as a basis for the claims raised in this suit against Stonemark.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, it failed to use reasonable measures to keep them secret including, but not limited to, not requiring Smith to execute a confidentiality agreement or non-compete agreement to prevent their use or disclosure after the termination of his employment by FIF.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, Stonemark did not acquire any such information under a legally cognizable duty not to disclose or use them nor in connection with any acts that can be in any way characterized as "improper means" and, thus, any subsequent use of any such information by Stonemark would not be actionable.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as

a basis for the claims raised in this suit, Stonemark has no cognizable legal duty to maintain the secrecy of any such information.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, such information was disclosed by FIF and others and are in the public domain and no longer protectable as they were disclosed and used by others, without restriction or any legally cognizable duty not to use or disclose them, including, but not limited to, FIF's sales agents and counterparties.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim that Stonemark has misappropriated or used FIF's purported trade secrets, if it has any currently that are protectable, is not actionable as Stonemark's products, pricing formulae, and other business information of value have been independently developed using Stonemark's own information and/or publicly available information by lawful means including, but not limited to, information in the public domain and/or reverse engineering.

## NINTH AFFIRMATIVE DEFENSE

To the extent that FIF has alleged any claims for equitable relief against Stonemark, FIF cannot recover due to FIF's unclean hands.

**REQUEST FOR ATTORNEYS' FEES**

Stonemark requests that this Court award its reasonable attorneys' fees and costs incurred in defense of the claims in the Complaint under the DTSA and FUTSA to the fullest extent permissible once Stonemark is deemed the prevailing party. FIF's claims of trade secret misappropriation in this dispute against Stonemark are not supported by the facts or the law and have been made in bad faith and for improper purposes.

**DEFENDANT/COUNTER-PLAINITFF STONEMARK, INC's COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENANT FIRST INSURANCE FUNDING, A DIVISION OF LAKE FOREST BANK & TRUST COMPANY, N.A.**

Defendant/Counter-Plaintiff Stonemark, Inc.,[2] by and through its undersigned attorneys, states as follows for its Counterclaim against Plaintiff/Counter-Defendant First Insurance Funding.

1. First Insurance Funding ("FIF") has filed a lawsuit against Defendant Jerry Smith and Defendant/Counter-Plaintiff Stonemark, Inc.

2. This Counterclaim seeks damages on behalf of Defendant/Counter-Plaintiff Royal Premium Budget, Inc. d/b/a Stonemark ("Stonemark") against FIF.

---

[2] Plaintiff incorrectly named "Stonemark, Inc." as a defendant in this matter. The actual entity is Royal Premium Budget, Inc. d/b/a Stonemark. Royal Premium Budget, Inc. is a Michigan corporation.

14

**Factual Background**

3.     Stonemark and FIF are in the business of providing insurance premium financing to insurance policyholders.

4.     The main source of business for FIF and Stonemark is insurance agents who act on behalf of their clients (the insurance policyholders) to procure financing for the premium payable for an insurance policy placed on behalf of the insured.

5.     The ability of premium-insurance funders to provide financing needed to cover the policyholders' premiums is crucial to the business of premium finance lending.

6.     Jerry Smith worked for FIF as an Executive Vice President of Sales, ending in May 2022.

7.     In May 2022, he resigned and went to work for Stonemark in a similar sales position.

8.     In his positions with FIF and Stonemark, Defendant Smith has met, and still regularly meets, with his clients and potential clients to encourage them to have their policyholders finance insurance premiums through his employer.

9. Defendant Smith has been able to ensure good relationships with his clients because, among other things, his employers have been able to provide the requested financing to almost any insured who applied for it.

10. Defendant Smith's relationships with his clients have been enhanced by the ability of his employers to provide the financing needed to cover the policyholders' premiums.

11. Stonemark maintains a credit facility that permits it to borrow significant sums in support of the financed insurance premiums.

## Count 1 (Trade Disparagement)

12. Stonemark has never been unable to finance a premium due to lack of capital, and there is no threat of such a situation at this time.

13. Upon information and belief, after Defendant Smith's departure from FIF, at least one FIF employee—David Abernathy—has, in the course of his employment by FIF, told mutual clients of Smith's and FIF's, via e-mail and verbally, that Stonemark does not have sufficient capital reserves to service the needs of the clients' policyholders.

14. These statements are absolutely untrue and have been made knowing that they are false or with reckless disregard to their truthfulness.

15. These statements have been made to damage Stonemark's reputation and to destroy the confidence these clients have in Stonemark's ability to service the needs of the policyholders.

16. These defamatory statements have, in fact, significantly harmed Stonemark's reputation in the insurance premium financing market and have caused Stonemark significant financial harm.

WHEREFORE, Stonemark prays for an order of judgment in its favor holding Plaintiff/Counter-Defendant FIF liable for damages in an amount to be determined at trial for the trade disparagement of Stonemark and any additional relief this Court deems just and equitable.

Dated: October 14, 2022                     Respectfully submitted,

                                            BURSTYN LAW PLLC

                                            By: /s/ Sean A. Burstyn
                                            Sean A. Burstyn
                                            Florida Bar No. 1028778
                                            sean.burstyn@burstynlaw.com
                                            1101 Brickell Avenue,
                                            Suite S-700
                                            Miami, Florida 33131
                                            Tel: (305) 204-9808

                                            Michael Jacobson (Special Admission Forthcoming)
                                            Michigan Bar No.
                                            mjacobson@jaffelw.com
                                            27777 Franklin Rd.,
                                            Suite 2500

Southfield, MI 48034
Tel: (248) 351-3000
LEAD COUNSEL

Michael L. Pomeranz (Special Admission Forthcoming)
New York Bar No. 5372065
mpomeranz@jaffelaw.com
27777 Franklin Rd.,
Suite 2500
Southfield, MI 48034
Tel: (248) 351-3000

Counsel for Defendant Stonemark, Inc.

## CERTIFICATE OF SERVICE

I CERTIFY that on October 14, 2022, a copy of the foregoing Stonemark Inc.'s Answer and Affirmative Defenses to Complaint and Request for Attorneys' Fees was electronically filed with the Court's CM/ECF System, which will send a notice of electronic filing and copy to all parties of record.

Respectfully submitted,

BURSTYN LAW PLLC

By: /s/ Sean A. Burstyn
Sean A. Burstyn
Florida Bar No. 1028778
sean.burstyn@burstynlaw.com
1101 Brickell Avenue,
Suite S-700
Miami, Florida 33131

Tel: (305) 204-9808

Counsel for Defendant Stonemark, Inc.