IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FIRST INSURANCE FUNDING,
A Division of Lake Forest Bank &
Trust Company, N.A.,

    Plaintiff,

v.

ROYAL PREMIUM BUDGET, INC.,
d/b/a STONEMARK, a corporation,
and JERRY SMITH, an individual,

    Defendants.
_____/

Case No.: 8:22-cv-01975-WFJ-AAS

## DEFENDANT JERRY SMITH'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND REQUEST FOR ATTORNEY'S FEES

Defendant Jerry Smith hereby serves his Answer and Request for Attorney's Fees to Plaintiff First Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A.'s ("Plaintiff" or "FIF") Complaint ("Complaint") and states as follows:

### COMPLAINT

To the extent the Complaint's non-numbered introductory paragraph makes allegations, those allegations are denied, except Smith admits that FIF

purports to bring claims for trade secrets misappropriation against Stonemark and breach of fiduciary duties against him.[1]

## NATURE OF THE ACTION

1. Denied.

2. Denied.

3. Denied.

4. Denied.

## THE PARTIES

5. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

6. Admitted.

7. Admitted.

## JURISDICTION AND VENUE

8. Admitted for jurisdictional purposes only.

9. Admitted for jurisdictional purposes only.

10. Denied.

11. Admitted that Smith is a resident of Florida. Otherwise, denied.

12. Admitted.

---

[1] All allegations in the Complaint, including all non-numbered allegations contained in section and subsection headings, wherefore clauses, etc., that are not otherwise expressly denied herein.

13. Denied.

14. Denied.

15. Admitted for purposes of venue only; all other allegations are denied

## FACTUAL BACKGROUND

16. Admitted that FIF offers premium finance services in the United States.

17. Admitted.

18. Admitted.

19. Denied.

20. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

21. Admitted that FIF articulated one or more confidentiality policies in an employee handbook. Otherwise, denied.

22. Admitted.

23. Smith lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the specific language alleged; therefore, denied.

24. Smith is unable to access the Security Policy and therefore lacks information sufficient to form a belief about the truth of the allegations regarding the specific content of the Security Policy; therefore, denied.

25. Smith is unable to access the Security Policy and therefore lacks information sufficient to form a belief about the truth of the allegations regarding the specific content of the Security Policy; therefore, denied.

26. Smith is unable to access the Security Policy and therefore lacks information sufficient to form a belief about the truth of the allegations regarding the specific content of the Security Policy; therefore, denied.

27. Admitted.

28. Denied.

29. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

30. Admitted that, when he was a FIF employee, Smith used a username and passwords. As to the rest of the allegations, Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

31. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

32. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

33. Admitted.

34. Admitted.

35. Admitted as to claim that Smith was given the title of Executive Vice President of sales; otherwise, denied.

36. Admitted that Smith's titles with FIF were Regional Vice President of Sales and Executive Vice President of Sales; otherwise, denied.

37. Admitted that Smith had access to FIF materials; otherwise, denied.

38. Admitted that Smith developed or provided certain information and programs for FIF; otherwise, denied.

39. Admitted that Smith gave notice of his resignation on May 26, 2022 (not May 27, 2022).

40. Denied.

41. Denied.

42. Denied.

43. Admitted that Smith is now employed by Stonemark as Vice President of Sales. Otherwise, denied.

44. Denied.

45. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

46. Admitted.

47. Denied. Smith was told to await a self-return package from FIF's IT department, that he received that package on June 3, 2022 and that he

promptly returned the laptop once he had received the package on June 3, 2022.

48. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

49. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

50. Admitted that Smith sent emails from his work email account to his personal email account while he worked at FIF, which sometimes contained work-related materials. Denied as to any other assertion or implication.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that the Florida Association of Independent Agents compiles information about its insurance agency members, which it made and makes available to associate members like FIF and Stonemark, and that Smith accessed that information. Otherwise, denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted that Smith attempted to locate a video on the Seismic platform. Otherwise, denied.

59. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

60. Admitted that Smith attempted to locate a video on the Seismic platform and that he had not accessed the platform for several months prior. Otherwise, denied.

61. Denied.

62. Denied.

63. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

64. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that FIF sent a letter to Smith and Stonemark.

65. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that FIF sent a letter to Smith.

66. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that FIF sent a letter to Stonemark.

67. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that Smith responded to FIF's letter through counsel.

68. The document referenced herein speaks for itself. To the extent the allegations vary from the document, the allegations are denied. Admitted that Stonemark responded to FIF's letter.

69. Denied.

70. Denied.

## COUNT I (SMITH AND STONEMARK)

71. Smith admits that FIF incorporates the preceding allegations and Smith's answers to those allegations are as set forth above.

72. The referenced statute speaks for itself. Smith denies ever "misappropriating" any "trade secrets" from Plaintiff.

73. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

74. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

75. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT II (SMITH AND STONEMARK)

80. Smith admits that FIF incorporates the preceding allegations and Smith's answers to those allegations are as set forth above.

81. The referenced statute speaks for itself. Smith denies ever "misappropriating" any "trade secrets" from Plaintiff.

82. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

83. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

84. Smith lacks knowledge or information sufficient to form a belief about the truth of this allegation; therefore, denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT III (SMITH)

88. Smith admits that FIF incorporates the preceding allegations and Smith's answers to those allegations are as set forth above.

89. This is a legal conclusion for which no response is required; to the extent that a response is deemed necessary, Smith denies it.

90. This is a legal conclusion for which no response is required; to the extent that a response is deemed necessary, Smith denies it.

91. This is a legal conclusion for which no response is required; to the extent that a response is deemed necessary, Smith denies it.

92. Denied.

93. Denied.

94. Denied.

<u>**ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE HEREBY DENIED.**</u>

<u>**AFFIRMATIVE DEFENSES**</u>

For his Affirmative Defenses to the Complaint, Smith states as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

FIF has not suffered any actual damages as a direct and proximate result of the alleged actions set forth in this Complaint. To the extent any actual damages were incurred by FIF, which Smith disputes, they were not caused by Smith and FIF has failed to mitigate such damages.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

To the extent FIF seeks non-monetary or injunctive relief, any such relief is precluded because FIF has an adequate remedy at law for money damages.

## THIRD AFFIRMATIVE DEFENSE

FIF has no identifiable or legally protectable trade secrets, as defined by the Defend Trade Secrets Act ("DTSA") and/or Florida Uniform Trade Secrets Act ("FUTSA") that can stand as a basis for the claims raised in this suit against Stonemark.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, it failed to use reasonable measures to keep them secret including, but not limited to, not requiring Smith to execute a confidentiality agreement or non-compete agreement to prevent their use or disclosure after the termination of his employment by FIF.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, Smith did not acquire any such information under a legally cognizable duty not to disclose or use them nor in connection with any acts that can be in any way characterized as "improper means" and, thus, any subsequent use of any such information by Smith would not be actionable.

## **SIXTH AFFIRMATIVE DEFENSE**

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, Smith had, and has, no cognizable legal duty to maintain the secrecy of any such information.

## **SEVENTH AFFIRMATIVE DEFENSE**

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, such information was disclosed by FIF and others and are in the public domain and no longer protectable as they were disclosed and used by others, without restriction or any legally cognizable duty not to use or disclose them, including, but not limited to, FIF's sales agents and counterparties.

## **EIGHTH AFFIRMATIVE DEFENSE**

Any claim that Smith has misappropriated or used FIF's purported trade secrets, if it has any currently that are protectable, is not actionable as any business information of value in Smith's possession has been independently developed using Smith's own knowledge and relationships and/or publicly available information by lawful means including, but not limited to, information in the public domain and/or reverse engineering.

## NINTH AFFIRMATIVE DEFENSE

Smith did not, and does not, have any fiduciary duty to FIF.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Smith had or has a fiduciary duty to FIF, Smith did not breach because he did not use confidential information for his own benefit or for any other improper purpose.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Smith breached any fiduciary duty, FIF did not suffer any damages as the direct and proximate result of that breach.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that FIF has alleged any claims for equitable relief against Smith, FIF cannot recover due to FIF's unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that FIF has any identifiable or legally protectable trade secrets, as defined by the DTSA and/or the FUTSA, that can arguably stand as a basis for the claims raised in this suit, such information is outdated, invalid, valueless, and no longer has any viable use.

## REQUEST FOR ATTORNEYS' FEES

Smith requests that this Court award his reasonable attorneys' fees and costs incurred in defense of the claims in the Complaint under the DTSA and FUTSA to the fullest extent permissible once Smith is deemed the prevailing

party. FIF's claims of trade secret misappropriation and breach of fiduciary duty in this dispute against Smith are not supported by the facts or the law and have been made in bad faith and for improper purposes.

Dated: October 24, 2022   Respectfully submitted,

**TODD R. FRIEDMAN, P.A.**
1101 Brickell Avenue
Suite S-700
Miami, FL 33131
Tel: (786) 536-7190
todd@toddfriedmanpa.com

By: /s/ *Todd Friedman*
Todd R. Friedman
Florida Bar No. 97919

*Counsel for Defendant Jerry Smith*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2022 a true and accurate copy of the foregoing was electronically filed on CM/ECF, which will serve same via email to all counsel of record listed in the service list below.

By: /s/ *Todd Friedman*

## **Service List**

**Taft Stettinius & Hollister LLP**
111 E. Wacker Dr.
Suite 2800
60601, Ste 2800
Chicago, IL 60601
312-840-4489
Benjamin Morrell, Esq.
bmorrell@taftlaw.com
Connie Kremer, Esq.
ckremer@taftlaw.com
Daniel Saeedi, Esq.
dsaeedi@taftlaw.com
Rachel Schaller, Esq.
rschaller@taftlaw.com
*Counsel for Plaintiff*

**Burstyn Law PLLC**
1101 Brickell Avenue
Suite S700
Miami, FL 33131
305-204-9808
Sean Burstyn, Esq.
sean.burstyn@burstynlaw.com
*Counsel for Defendant Stonemark*

**Cozen O'Connor**
Southeast Financial Center
200 South Biscayne Blvd.
Suite 30th Floor
Miami, FL 33131
305-397-0819
Jonathan Gale, Esq.
jegale@cozen.com
*Counsel for Plaintiff*